## PUETT & COMPANY v. McCALL COMPANY.

1. Inasmuch as an appeal in a justice's court may be entered at any time within four days, exclusive of Sundays, from the rendition of the judgment, an appeal entered on the fifth day after the rendition of the judgment may or may not be in time, according to whether or not a Sunday has intervened.

2. Where an appeal is entered in a justice's court and judgment rendered therein against the appellant and a writ of certiorari sued out, the judge of the superior court should not dismiss the certiorari on the ground that the appeal is void, unless its invalidity affirmatively appears.

Argued October 26, — Decided November 12, 1904.

Certiorari. Before Judge Russell. Jackson superior court. January 18, 1904.

*H. L. Patterson* and *W. H. Quarterman*, for plaintiffs in error.
*Lewis C. Russell*, contra.

SIMMONS, C. J. Suit upon an account was brought in a' justice's court, and the magistrate found in favor of the plaintiff. On the fifth day after the rendition of this judgment the defendants entered an appeal to a jury in the justice's court. Upon the trial the magistrate overruled a motion to dismiss the appeal as having been entered too late, and the jury found in favor of the plaintiff. The defendants thereupon sued out a writ of certiorari. On the hearing in the superior court the judge of that court dismissed the certiorari on the ground that the appeal was a nullity because not entered in time, and held that the original judgment of the magistrate was still binding. The defendants (plaintiffs in certiorari) excepted. Our Civil Code provides (§§ 4138, 4140) that an appeal to a jury in 'a justice's court may be entered within four days, exclusive of Sundays, after the rendition of the judgment of the magistrate. Where an appeal is entered after the expiration of the time prescribed, it amounts to nothing. In the present case the record showed that the appeal was entered on the fifth day after the rendition of the judgment, but there was nothing from which it could be determined whether or not one of the intervening days had been Sunday. The record, therefore, did not show affirmatively either that the appeal had been in time or that it had been too late. It was or was not in time according to whether or not a Sunday came within four days after the rendi-

tion of the judgment.    The record was not sufficient to show the facts as to this matter.    Had the magistrate dismissed the appeal and the certiorari complained of such dismissal, the burden would have been upon the complaining party to show error,—to make it appear that a Sunday had intervened.    But here the magistrate had overruled the motion to dismiss, the certiorari was sued out by the party in whose favor this ruling was made, and the correctness of the ruling was not involved in any of the questions raised by the assignments of error in the petition for certiorari.    In such case the judge could not properly treat the appeal as a nullity, unless its invalidity affirmatively appeared.    As the record did not, in the present case, show that the appeal was too late, the judge erred in treating such appeal as a nullity.    Nothing to the contrary appearing, he should have treated the appeal as valid and legal.    He therefore erred in dismissing the certiorari.    As the questions raised by the certiorari were not passed upon by the trial judge, they will not be considered by this court, but the case will be remanded that the judge below may consider and pass upon such questions.

> *Judgment reversed.    All the Justices concur.*